**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-40551

(Summary Calendar)
_____


ARTHUR W CARSON,

                              Plaintiff-Appellant,

versus

OLGA A PERRY; TDC INMATE TRUST FUND,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Eastern District of Texas
6:92-CV-506
_____

June 6, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Arthur W. Carson appeals the district court's grant of the
defendants' motion for summary judgment in Carson's 42 U.S.C.
§ 1983 action regarding the withdrawal of funds from his prison
trust fund account.[1] We affirm the judgment of the district court.

---

    [*]    Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

    [1]    Carson alleged in his suit that his constitutional rights were
violated based on errors that occurred involving his prison trust fund account.
The district court granted the defendants' motion for summary judgment because
the court found that Carson did not experience any monetary loss as a result of

We review a district court's grant of summary judgment *de novo* applying the same standard as the district court. *Resolution Trust Corp. v. Camp,* 965 F.2d 25, 28 (5th Cir. 1992). Summary judgment is appropriate if there is no dispute as to a material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When a party moves for summary judgment, the nonmoving party must either submit facts to establish that the moving party's allegations are questionable, or demonstrate that the allegations are not properly supported. *Camp,* 965 F.2d at 29.

Carson pursues the later course by arguing that the affidavit which accompanied the defendants' motion was insufficient summary judgment evidence. Specifically, Carson contends that the affidavit contained hearsay, was prepared in anticipation of litigation, and was not based on the affiant's personal knowledge. FED. R. CIV. P. 56(e) provides that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." We have held that an affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her competent to testify on the particular issue which the affidavit concerns. *See F.D.I.C. v.*

---

these errors.

*Selaiden Builders, Inc.*, 973 F.2d 1249, 1254-55 n.12 (5th Cir. 1992) (lawsuit involving promissory notes), *cert. denied*, 507 U.S. 1051, 113 S. Ct. 1944, 123 L. Ed. 2d 650 (1993); *Camp,* 965 F.2d at 29 (same). We will be particularly reluctant to reverse a summary judgment based on such an affidavit when there is no reason for the court to doubt the veracity of the affiant's testimony. *See Camp,* 965 F.2d at 29 (stating that the court "would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear" that the affiant's testimony concerning a promissory note was untrue). We see no reason not to apply this pragmatic approach to this case.

The defendants' motion for summary judgment was supported by an affidavit from John Michael Turner. Turner testifies in his affidavit that as the Assistant Director for Local Funds at the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), he is charged with the supervision of the Education and Recreation Accounting Department and Inmate Trust Fund of TDCJ-ID. Turner further states that he is the custodian of the inmate trust fund records, which are maintained in the regular course of business on each inmate incarcerated in the TDCJ-ID. Based on his review of Carson's inmate trust fund records for the disputed time period, Turner then details the series of transactions that occurred involving Carson's account. Turner explains in the affidavit that although the TDCJ-ID's accounting system is

-3-

confusing and errors did occur with Carson's account, the errors were corrected and Carson did not experience any monetary loss.

Given Turner's position as the custodian of the inmate trust fund records at TDCJ-ID and his carefully detailed account of the transactions involving Carson's account, we find that Turner's affidavit was adequate support for the defendants' motion for summary judgment.  Furthermore, we note that there is no reason to doubt the accuracy of Turner's affidavit because Carson's trust fund account records were on file with the court and were considered by the district court when it ruled on the defendants' motion for summary judgment.[2]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2]     Carson also contends that the district court erred by denying his motion for a continuance to obtain discovery to oppose the defendants' summary judgment motion.  Carson argues that he needed documents that were introduced at an earlier hearing to demonstrate that the defendants' allegations in the motion for summary judgment were false.  We have reviewed the record and conclude that the district court acted within its sound discretion in denying Carson's motion. *See Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.,* 48 F.3d 927, 930 (5th Cir. 1995) (stating standard as abuse of discretion).